## STATE VS. McDOUGAL.

*Larceny or embezzlement.*

An indictment for "feloniously stealing" legal tender notes will not lie against one who, after selling and transferring a note and mortgage executed to him, and after notice of such transfer given to the mortgagor, received the amount due on the mortgage (paid in such legal tender notes), and converted it to his own use.

ON EXCEPTIONS from *Marquette* County.

This cause was brought up on exceptions from the circuit court for Marquette county, where a verdict of guilty had been found against the defendant on an indictment for larceny.

*The Attorney General*, for the state.

DOWNER, J.   The jury found the defendant guilty as charged in the third count of the indictment. That count charged the defendant with feloniously stealing legal tender notes of the value of $240, the property of Robert Wilson. The defendant had sold and transferred to Wilson a note and mortgage made to him by Mary Allison, and after the transfer, and notice thereof to the mortgagor, the defendant received the money thereon, and appropriated the same to his own use; and this is the alleged larceny. The evidence is conflicting as to whether he had or had not authority from Wilson to collect the money of Mrs. Allison. If he had not, the legal tender notes were not the property of Wilson; if he had, the defendant, by appropriating them to his own use, did not commit the crime of simple larceny, as charged, but, if any crime, that of embezzlement.

*By the Court.*—The verdict is set aside, and a *venire de novo* awarded.